IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO CHRISTIAN, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-5702 |
| : | |
| CITY OF PHILADELPHIA, *et al.*, : | |
|     Defendants. : | |

<u>MEMORANDUM</u>

**BAYLSON, J.**                                                                                                   **MARCH 28, 2022**

    Plaintiff Julio Christian, a prisoner currently incarcerated at SCI-Rockview brings this civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims based on an allegedly unlawful arrest, search, and seizure that occurred on January 19, 1985. For the reasons that follow, on statutory screening required by 28 U.S.C. § 1915A, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**I.        FACTUAL ALLEGATIONS**

    The twenty-two-page handwritten Complaint filed by Christian contains an inscrutable narrative that consists almost entirely of conclusory statements. At the outset, Christian defines the defendants he is suing in a fashion that is both ambiguous and ubiquitous, suing the "State of Pennsylvania," "City of Philadelphia," the "First Judicial District of PA," the "39th District Police Department" and the "Philadelphia Roundhouse Officers," as well as the "Chief of Police," "City Council," "City Mayor," and "Police Commissioner." (Compl. (ECF No. 1) at 3.)[1] The only Defendants identified by name in the caption of the Complaint are Theodore McKee and Lynne Abraham. (*Id.*)

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

Christian asserts that on January 19, 1985, "the Philadelphia Police made [an] illegal forced entry into [the] residence of 2943 W. Gordon Street" and "conducted an unreasonable search without a warrant, without consent, and without probable cause, making arrest, in violation of the Fourth Amendment." (*Id*.) Christian avers that because of this "unreasonable government intrusion," his "rights were violated by invasion of privacy," and he was "denied and deprived of [a] guaranteed right which formed unlawful restraint of an innocent citizen." (*Id*. at 3.) Christian contends he was "unlawfully arrested and detained – held unconstitutionally without probable cause or legal basis or ground in violation of [the] 4th and 14th Amendments." (*Id*. at 4.) Specifically, Christian avers that "on the date of 1/19/1985 [he] was arrested by Phila police and was taken into custody and was never formally charged, or processed, or served notice." (*Id*. at 16.) In the "Closing Point" of his Complaint, Christian avers that "he has been unlawfully confined without commission of a crime or offense and denied [his] right to constitutional due process and equal rights, never heard or served notice." (*Id*. at 34.)

The Affidavit attached to Christian's Complaint appears to summarize his allegations. Specifically, Christian avers that he:

> has not been charged a valid criminal offense:  there has been no issue of a formal complaint accusing him of committing a crime upon date 1/19/1985; and there has not been an issue of any grade of offense 'felony or misdemeanor' chargeable to him, resulting in a lack of criminal offense, or criminal case, or ground; for such reason, there were no legal basis to confine him or detain him, or to afford him an arraignment, or hearing, or to be seen by an issuing authority, or scheduled for court.
>
> .   .   .
>
> There are no ground[s] for litigation to justify confinement or detention on 1/19/1985, but rather, sufficient ground lie for illegal and unauthorized holding by unlawful restraint cause by city, where state was barred from any court proceeding.
>
> .   .   .
>
> On 4/2/1987, a CP-docket was unlawfully applied, used by city and court, as an invitation date, to file a non-existing complaint – to cover a non-processed arrest,

> in the absence of probable cause, and in the absence of a formal offense in falsehood, holding innocent victim against his will. The act was done to conceal policemen non-processed arrest.
>
> .   .   .
>
> A proceeding was held . . . on date 8/27/1987, before Theodore McKee, whom [sic] lacked jurisdiction to preside over the case (no case) . . . due to lack of filing a criminal complaint for arrest, court's jurisdiction was never invoked where the proceeding was null and void.

(*Id.* at 31-32.) Christian seeks damages in the amount of $30 million. (*Id.* at 24.)

Public dockets from the Court of Common Pleas of Philadelphia County reflect that on January 19, 1985, Christian was arrested on four drug and criminal conspiracy charges. *See Commonwealth v. Christian*, CP-51-CR-0349821-1987 (C.P. Phila.). On August 27, 1987, Christian pled guilty to all of the charges before the Honorable Theodore A. McKee and was sentenced to a term of imprisonment. (*Id.*) This conviction does not appear to have been vacated or invalidated, and Christian fails to allege that the conviction on these charges was ever set aside by any court.

## II.   STANDARD OF REVIEW

Christian has paid the filing fee for this case.[2] Nonetheless, because he is a prisoner the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before

---

[2] As detailed in this Court's Memorandum and Order filed January 25, 2022, Christian is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing (*see* 28 U.S.C. § 1915(g)), and because he was not in imminent danger when he submitted his Complaint, the Court required him to pay the fees to commence this civil action. *See Christian v. City of Philadelphia*, No. 21-5702, 2022 WL 222526, at *1 (E.D. Pa. Jan. 25, 2022).

docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).  Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations and naked assertions will not suffice.  *Iqbal*, 556 U.S. at 678.  As Christian is proceeding *pro se*, the Court construes his

allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III. DISCUSSION

### A. Christian's Claims are Time-Barred

Christian brings his claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Christian to be asserting constitutional claims for unlawful arrest, false imprisonment, and illegal search and seizure.

Christian's claims are clearly time-barred.[3] Christian avers that an "unlawful arrest" and "illegal search and seizure" occurred on January 19, 1985, causing him to be "falsely and

---

[3] Since Christian's false arrest, false imprisonment, and unlawful search and seizure claims would not necessarily impugn the integrity of his state court conviction, they are not the type of claims that are categorically barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"). *See Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence").

unlawfully imprisoned." (Compl. at 6, 8, 15.)  Pennsylvania's two-year statute of limitations applies to these claims.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.  Illegal search and seizure claims generally accrue at the time of the searches and seizures because that is when plaintiff knows or should know of his injury.  *See, e.g.*, *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time").

Christian filed this Complaint on December 31, 2021.  However, his arrest and the related search and seizure took place on January 19, 1985.  (Compl. at 3.)  It is also apparent from the state court docket that Christian was thereafter charged with various crimes and that he was held pursuant to process sometime before he pled guilty on August 27, 1987.  *See Commonwealth v. Christian*, CP-51-CR-0349821-1987 (C.P. Phila.).  Accordingly, Christian's claims challenging his arrest, his related imprisonment before he was held pursuant to process, and the allegedly unlawful search and related seizure are time-barred since they were not filed within two years of when they accrued.  Since Christian cannot cure the defects in these claims, they will be dismissed with prejudice.[4]

---

[4] In addition to the time-bar, the Court finds that Christian's claims also fail for the reasons which follow.  The claim for money damages Christian seeks to assert against the Commonwealth of Pennsylvania is not plausible because the Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against

state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

The "First Judicial District of PA," as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).  Accordingly, Christian's claim against the Philadelphia County Courts is barred by the Eleventh Amendment.

As a municipal entity, the City of Philadelphia is not subject to liability in a civil rights action absent a showing that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations, or enactments.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and that municipal practice was the cause of the injuries suffered, *Bielevicz v. Dubinon*, 915 F.2d 845 (3d Cir.1990).  Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City.  *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).  Moreover, to the extent that the "Chief of Police," "City Council," "City Mayor," and "Police Commissioner" are sued in their official capacities, any such claims would be dismissed as duplicative of the claims against the City of Philadelphia.  *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

City agencies are not suable entities under § 1983 because they do not have a separate legal existence.  *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Vangjeli v. City of Phila*, No. 15-1566, 2015 WL 5793926, at *3 (E.D. Pa. Sept. 30, 2015), *aff'd sub nom. Vangjeli v. City of Philadelphia*, 655 F. App'x 132 (3d Cir. 2016) (Free Library is not an entity subject to suit since no department or agency of the City of Philadelphia has a separate corporate existence) (quoting 53 Pa. C.S.A. § 16257); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).  Accordingly, Christian's claim against the "39th District Police Department" is not plausible.

### B.        Motion for Leave to Amend

On March 4, 2022, Christian filed a Motion for Leave to Amend Complaint. (*See* ECF No. 10.) In his motion, Christian seeks leave to add "claims to Original stating further cause of action." (*Id.*) Specifically, Christian asserts that: (1) the "state court lacked jurisdiction and proceeding was unauthorized;" (2) his "Fourth Amendment right to be free from unreasonable seizures has been violated;" (3) he was deprived "of his liberty interest under Fourteenth Amendment's Due Process clause"; and (4) he sustained "deprivation of right, privilege or immunity secured to him by constitution and laws of United States." (*Id.*)

The allegations in Christian's motion for leave to amend are similar, if not identical, to those that are asserted in his Complaint. Because the claims that Christian seeks to add are based on the alleged unlawful arrest, search, and seizure that occurred on January 19, 1985, any attempt to add those claims would be futile as they are likewise time-barred. Accordingly, the Court will deny Christian's motion for leave to amend.

### IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Christian's Complaint for failure to state a claim pursuant to 28 U.S.C. 1915A(b)(1). Christian's Complaint is dismissed with

---

Christian's claim against Theodore McKee fails because Judge McKee is entitled to judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Martinez v. Eagle Disposal*, 783 F. App'x 206, 211 (3d Cir. 2019) (*per curiam*) (affirming dismissal of federal judicial defendant based on absolute judicial immunity).

Finally, Christian's claim against Lynne Abraham fails because prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

prejudice because he cannot cure the defects in his time-barred claims.  An appropriate Order follows, dismissing this case.

BY THE COURT:

/s/ MICHAEL M. BAYLSON

**MICHAEL M. BAYLSON, J.**